UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CONSOLIDATED GRAIN & BARGE, INC.                     CIVIL ACTION

VERSUS                                               NO: 11-2044

RANDY ANNY ET AL.                                    SECTION: R(1)

### ORDER AND REASONS

Before the Court is plaintiff's application for a temporary restraining order pending a determination on the merits of its application for preliminary injunction.[1] Plaintiff asks the Court to enter a temporary restraining order without first giving defendants an opportunity to be heard. For the following reasons, plaintiff's application is DENIED.

A party can obtain a temporary restraining order or a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or temporary restraining order will not disserve the public interest. *Clark*

---

[1] R. Doc. 1.

*v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  A court may issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"  Fed. R. Civ. P. 65(b)(1)(A).  Rule 65(b) applies even though plaintiff's complaint states that defendants have been notified.[2]  *See Tootsie Roll Indus., Inc. V. Sathers, Inc.*, 666 F. Supp. 655, 658 (D. Del. 1987).

Plaintiff's complaint and accompanying affidavit[3] fail to state specific facts showing that immediate and irreparable injury.  Plaintiff alleges that on August 16, 2011, defendants "moved or attempted to move barges owned or operated by CGB's customers";[4] on August 18, 2011, defendants informed three of plaintiff's customers that they were not authorized to moor barges at the facility in question;[5] and on August 29, 2011, defendants ordered a surveyor to leave the property.[6]  As a result of these incidents, plaintiff claims that defendants "have disrupted and interfered with CGB's business operations and

---

[2] Id. at ¶22.

[3] R. Doc. 2.

[4] R. Doc. 1 at ¶15.

[5] *Id.* at ¶¶11-13.

[6] *Id.* at ¶17.

customer and vendor relations."[7]  The only support plaintiff provides for this claim is that one customer requested plaintiff to relocate its barges to another location.[8]  Plaintiff has not specifically identified injuries that will cause it irreparable harm, and accordingly cannot obtain the extraordinary relief it seeks.  *See, e.g., RCM Techs., Inc. V. Beacon Hill Staffing Group, LLC*, 502 F. Supp. 2d 70, 74 (D.D.C. 2007)(denying application for temporary restraining order because plaintiff's alleged injuries were speculative and non-specific).

For the foregoing reasons, plaintiff's application for a temporary restraining order is DENIED.  The Court's case manager will contact the parties to schedule a hearing on plaintiff's application for a preliminary injunction.

New Orleans, Louisiana, this 6th day of September, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7]  *Id.* at ¶18.

[8]  *Id.* at ¶14.