UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONSOLIDATED GRAIN & BARGE, INC. | CIVIL ACTION |
| VERSUS | NO: 11-2204 c/w 11-2615 |
| RANDY ANNY, SERENDIPITY MARINE SERVICES, LLC | SECTION: "A" (1) |

ORDER AND REASONS

Defendant Serendipity Marine Services ("SMS") has filed the instant **Federal Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted by Respondent (Rec. Doc. 45)**. Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion, which was set for hearing on February 15, 2012, was heard on the briefs without oral argument. For the following reasons, the motion is **DENIED**.

I.  BACKGROUND

This suit stems from a property dispute between Plaintiff Consolidated Grain and Barge, Inc. ("CGB"), and Defendant Randy Anny ("Anny"). CGB presently operates a barge fleeting operation on the left descending bank of the Mississippi River pursuant to a permit issued by the Army Corps of Engineers ("Corps").[1] CGB's permit, which was first issued in 1980 and has since been modified multiple times, currently authorizes CGB to fleet twenty-five tiers of barges along a specific stretch of

---

[1] The Corps was originally a defendant in the instant suit. However, on February 17, 2012, the Court granted a **Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief can be Granted (Rec. Doc. 33)** filed by the Corps, finding that CGB did not state a jurisdictional basis for its declaratory judgment claim against the Corps, and that the claim against the Corps was not cognizable under either the RHA or the APA. Accordingly, the Corps is no longer a party to this suit. See **Rec. Doc. 54.**

the Mississippi River.

Defendant Anny also holds a permit, which was first issued by the Corps in 1993.  Anny's permit originally allowed for a borrow pit, but was modified in 1997 to authorize sand dredging.  In February 2011, Anny applied for a permit modification which would allow barge fleeting and revise the dredging area.  During the public comment period, CGB submitted a written objection to the Corps regarding Anny's barge fleeting request based on three assertions: 1) CGB held a valid permit for the same area; 2) Anny could not prove his rights to the adjacent riparian land; and 3) CGB *could* prove its rights to the adjacent riparian land.  CGB alleges that it requested and was denied a public hearing on these issues.  Despite CGB's objections, on June 29, 2011, the Corps granted Anny's permit modification and authorized barge fleeting of nine tiers of ten barges.  According to CGB, Anny's revised permit allows him to perform the same activities as CGB at the same location on the Mississippi River.

CGB subsequently filed a **Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Damages, and Declaratory Judgment (Rec. Doc. 1)** against Anny, SMS, and the Corps.[2]  CGB claims that Defendants have tortiously interfered with its barge fleeting operations in the Mississippi River, and seeks a declaration of its rights to operate the fleet pursuant to its permit issued by the Corps.  According to CGB, Anny and/or SMS have disrupted its business operations and customer relations by, *inter alia*: contacting CGB's customers and informing them that they were not authorized to moor barges at CGB's mooring facility; entering the mooring facility and attempting, without permission, to move CGB's barges located therein; and approaching a surveyor hired by CGB to survey property owned or leased by CGB, accusing said surveyor of

---

[2] As stated *supra*, all claims against the Corps have since been dismissed.

trespassing, and demanding that the surveyor cease his work on the property. CGB claims that the actions of Anny and SMS constitute a maritime tort, specifically, trespass. CGB asserts that Defendants' actions have resulted in irreparable harm and injury to CGB, and seeks damages for that harm.

CGB's application for a temporary restraining order was denied (see **Rec. Doc. 6**, order by Vance, C.J.); however, its motion for declaratory judgment is still pending before this court. In its complaint, CGB argues that Anny's permit was issued in violation of the Administrative Procedure Act (APA) and is invalid because it was issued based on intentional and/or negligent misrepresentations by Anny to the Corps. According to CGB, Anny's permit application incorrectly stated that Anny owns the riparian land which forms the site of CGB's mooring facility. CGB asserts that had the Corps known of said misrepresentations before issuing Anny's permit, the Corps would not have or should not have issued said permit.

According to CGB, it is not feasible for CGB's permit and Anny's permit to co-exist because the permits purport to allow the parties to maintain large barge fleets at the same location on the river. CGB asserts that, in the event that Anny were to attempt to conduct barge fleeting operations in the same location as CGB's mooring facility, as authorized by Anny's permit, their actions would "disrupt and interfere with CGB's barge fleet, create a dangerous condition on the Mississippi River, interfere with and endanger navigation on the Mississippi River...and endanger public health, safety, and welfare."

CGB presently seeks a declaratory judgment in its favor and against defendants Anny and SMS, declaring Anny's permit to be violative of the APA and null and void insofar as it purports to authorize Anny to maintain a barge fleet at the same location as CBG's fleet and mooring facility. In the alternative, CGB seeks a judgment that Anny's permit and rights to barge fleeting at that location are inferior and subject to CGB's permit and rights pursuant to it. CGB further seeks damages for trespass

and for reputational harms caused by Anny's alleged conduct.

In the present motion, SMS argues that the instant suit should be dismissed pursuant to 12(b)(6). According to SMS' motion, CGB has failed to state a cognizable cause of action against SMS, which is "a third party...an employed service...that only acted under and at the direction of Mr. Randy Anny." SMS argues that it is not an "indispensable party" to this action and should thus be dismissed. The motion to dismiss states that CGB's claim against SMS is not cognizable under the RHA because CGB's allegations against SMS are not well based in fact and therefore fall below the minimal pleading requirements and standards of Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss includes an affidavit signed by Defendant Anny, in which he states that he employed and secured the services of SMS during the dates and times at issue in the present case, and further asserts that "any...actions which SMS may have taken were only take[n] at the direction and request of Mr. Anny."

CGB opposes SMS' motion to dismiss, arguing that CGB's complaint states a claim against SMS for trespass because SMS physically tampered with CGB's barges without its consent. CGB argues that SMS' assertion that it was acting on Anny's behalf is no defense for tortious activity undertaken by SMS. CGB argues that its complaint shows that it is entitled to damages as well as to injunctive relief to prevent future actions by SMS, and that SMS' motion to dismiss should therefore be denied.

**II.     LAW AND ANALYSIS**

Defendant SMS seeks to dismiss, for failure to state a claim under Rule 12(b)(6), all claims asserted against it by CGB. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such motions are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)). In the context of a

motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lovick v. Ritemoney, Ltd., 378 F.3d 433, 437 (5th Cir. 2004)). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. Indest v. Freeman Decorating, Inc., 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted).

"To survive a Rule 12(b)(6) motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 1229 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570, 127 S.Ct. at 1955. A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court should not accept as true a plaintiff's conclusory allegations, unwarranted factual inferences, or unsupported legal conclusions. In re Great Lakes Dredge & Dock Co., 624 F.3d 210, 210 (5th Cir. 2010).

In accepting the factual allegations of the complaint as true and resolving all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff, the Court finds as a matter of law that CGB has stated a claim for trespass under maritime law and that dismissal under 12(b)(6) would be improper. It is undisputed that both Plaintiff CGB and Defendant Anny are in possession of permits issued by the Corps which authorize barge fleeting at mile marker 164.6 on the Mississippi River. According to CGB, in August 2011, Anny and/or SMS began contacting CGB's customers, asserting that those customers were no longer allowed to fleet barges at or near mile 164.6. CGB asserts that SMS sent

cease and desist letters to CGB and its customers advising them that they no longer had the right to fleet barges at or near mile 164.6 and that such right now belonged to Anny. CGB further alleges that SMS, apparently at Anny's behest, attempted to forcibly remove barges from CGB's fleet located at mile 164.6. CGB made these allegations in its complaint, and SMS does not deny them in its motion to dismiss. SMS merely asserts that it took action at the direction of Anny, but does not provide legal support demonstrating that this fact, if true, is a valid defense to tort liability.

As stated in this Court's previous order of April 20, 2012 **(Rec. Doc. 61)**, which denied Defendant's Anny's **Motion to Dismiss Pursuant to Rule 12(b)(1) or alternatively, Pursuant to Rule 12(b)(6) (Rec. Doc. 41),** this court has subject matter jurisdiction over this suit pursuant to 28 U.S.C.A. § 1333 based on its claim that Defendants committed a maritime tort, specifically, trespass.[3] CGB argues that, at this stage of the litigation, it does not know specifically which Defendant is primarily responsible for the trespass, but that both Anny and SMS played a role in interfering with CGB's fleeting operations. The Court finds, based on the above, that Plaintiff's complaint contains sufficient factual issues, accepted as true, to state a claim to relief that is plausible on its face.

---

[3] As to trespass claims, the Fifth Circuit has explained: "While no rule of trespass exists in maritime law, federal courts may borrow from a variety of sources in establishing common law admiralty rules to govern maritime liability where deemed appropriate. It has held that in the absence of federal cases or an established federal admiralty rule on trespass, it would be more appropriate to apply general common law rather than state law which would 'impair the uniformity and simplicity which is a basic principle of the federal admiralty law ...' Applying this rationale, we hold that general common law and in particular the Restatement (Second) of Torts should control to determine the law of maritime trespass, in order to promote uniformity in general maritime law." Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd., 959 F.2d 49, (5th Cir. 1992).

### III.  CONCLUSION

The Court finds that Plaintiff CGB has stated a claim against Defendant SMS for trespass.  SMS has not met its burden of showing that CGB can prove no set of facts consistent with the allegations in its complaint which would entitle it to relief; therefore, SMS' motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) must be denied.

Accordingly;

**IT IS ORDERED** that **Federal Defendant's Motion to Dismiss for Failure to State a Claim Upon with Relief Can Be Granted by Respondent (Rec. Doc. 45)** is **DENIED**.

This 1st of May, 2012.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE