EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONSOLIDATED GRAIN & BARGE, INC. | CIVIL ACTION |
| VERSUS | No. 11-2204 c/w 11-2615<br>Ref. 11-2615 |
| RANDY ANNY | SECTION: "A" (1) |

ORDER

Before the Court is a <u>Motion for Contempt and Sanctions Against American River Transportation Co. for Violations of an Order of this Court Issued on October 17, 2010</u> (Rec. Doc. 177) filed by Defendant Randy Anny. This motion is opposed by Plaintiff American River Transportation Company ("ARTCO") (Rec. Doc. 181). This motion, scheduled for submission on July 3, 2013, is before the Court on the briefs without oral argument.

On October 24, 2011[1], after holding a status conference wherein it denied ARTCO's motion for a temporary restraining order, the Court ruled that:

> Both parties will have rights of ingress and egress over the land in question [until a subsequent status conference]. The Court expects the cooperation of the Defendant in not impeding Plaintiff's access to the property. Defendant is permitted to perform his limestone offloading operations during this period.

(Rec. Doc. 17 at 2). The Court thereafter extended the period of time that this order would remain in effect. (Rec. Docs. 32, 75, and 105).

In the instant motion Defendant moves the Court to issue an order of contempt and impose sanctions against Plaintiff because "[d]espite having full knowledge of and invoking the benefits of [t]he Order, ARTCO covertly applied for and obtained a Coastal Use Permit, and it has applied for a

---

[1] The Court notes that Defendant erroneously cites to the Court's order of October, 17, 2010–a date preceding this litigation–and to October 31, 2011 as the date of the aforementioned order.

1

USCAE permit in all of which [sic] alters the status quo in contravention of this Court's order." (Rec. Doc. 177-1 at 6). Defendant continues: "Because ARTCO's actions were contrary to this Court's order, and resulted in a change to the status quo, it should be found in contempt." (*Ibid.*). The Court does not agree. Defendant both mischaracterizes the scope of, and consequently has failed to identify a violation of, this Court's prior orders.

After a full review of Defendant's allegations and Plaintiff's response thereto, the Court does not find that Plaintiff violated the Court's order either by obtaining a coastal use permit from the Louisiana Department of Natural Resources or by filing for a permit with the U.S. Army Corps of Engineers.[2] As Plaintiff correctly asserts, "Anny has identified no acts or omissions of ARTCO which has denied him of ingress or egress to the property" at issue in the instant dispute. (Rec. Doc. 181 at 2).

Accordingly;

**IT IS ORDERED** that the <u>Motion for Contempt and Sanctions Against American River Transportation Co. for Violations of an Order of this Court Issued on October 17, 2010</u> (Rec. Doc. 177) filed by Defendant Randy Anny, is hereby **DENIED**.

This 3rd day of July, 2013.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that "Exhibit 4" purported to evidence ARTCO's acquisition of a coastal use permit (Rec. Doc. 177-6) is a blank Joint Permit Application form. Nonetheless, even had Defendant submitted the correct attachment with the instant motion, the relief sought would be denied because Defendant has failed to allege a violation of the Court's prior orders.