UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CONSOLIDATED GRAIN & BARGE, INC.**　　　**CIVIL ACTION**

**VERSUS**　　　**NO. 11-2204 c/w 11-2615**
　　　**And 13-5827 – JCZ-SS**

**RANDY ANNY, et al**

**ORDER**

PLAINTIFF'S MOTION TO QUASH (Rec. doc. 259)

**GRANTED**

American River Transportation Co. ("ARTCO"), defendant in Civil Action 13-5827, seeks an order quashing the notice of the deposition of Remy J. Donnelly. The deposition was noticed by Randy Anny and Barbara Falgoust, plaintiffs in CA 13-5827. Mr. Donnelly is an attorney with the Jones Walker law firm and counsel for ARTCO. ARTCO also seeks a protective order disallowing the deposition.[1]

Falgoust contends that: (1) Donnelly performed legal work on behalf of ARTCO in connection with its May 2011 acquisition of property at issue in the litigation; (2) he has knowledge of facts surrounding ARTCO's acquisition of the property; (2) he should have knowledge of encroachments, the existence of merchantable title, documents and other information relied on for a title opinion; (3) he possesses knowledge about the issuance of a title insurance policy, the certification of the lack of encroachment on July 8, 2011, the use of surveys in the sale of the property; and (4) facts regarding Falgoust's ownership of the property. Falgoust urges that the factors in <u>Shelton v. American Motors</u>, 805 F.2d 1323 (8th Cir. 1999), are satisfied: (1) no other means exist to obtain this information; (2) the information is relevant and

---

[1] The case was set for trial on April 15, 2013 (Rec. doc. 83); reset for November 12, 2013 (Rec. doc. 155); and reset for trial on January 14, 2015 (Rec. doc. 258). Notwithstanding the expiration of the discovery deadlines in the prior settings, the discovery deadline was extended to November 14, 2014. Rec. doc. 258.

non-privileged; and (3) the information is crucial to the preparation of the case.  Rec. doc. 263 at 6.

ARTCO responds that there is testimony from surveyors to establish the location of the common boundary between the Falgoust and ARTCO properties.  All information supporting the opinions of the surveyors was produced.  It urges that Donnelly has no factual information regarding any encroachments at the time of the sale.  Any such information would be available from the surveyors.  Falgoust has not identified any specific facts that are uniquely available only from Donnelly and that are not available from other fact witnesses.

For the reasons presented by ARTCO,

IT IS ORDERED that ARTCO's motion to quash and for protective order (Rec. doc. 259) is GRANTED.

New Orleans, Louisiana, this 23rd day of October, 2014.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**