UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONSOLIDATED GRAIN & BARGE, INC.                    CIVIL ACTION

VERSUS                                              NO. 11-2204
                                                    c/w 11-2615
                                                    and 13-5827

RANDY ANNY, ET AL.                                  SECTION "B"(1)

<u>ORDER AND REASONS</u>

Before the Court are two motions filed by Intervenor Barbara Falgoust ("Falgoust") and Defendant Randy Anny ("Anny") seeking a new trial, or, in the alternative, to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure. (Rec. Doc. Nos. 382, 388). Plaintiff, American River Transportation Co. ("ARTCO"), filed a memorandum in opposition urging this Court to deny both motions as meritless delay tactics by Falgoust and Anny. (Rec. Doc. No. 390). For the reasons outlined below,

**IT IS ORDERED** that the motions are **DENIED**.

I.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

This case arises out of a property dispute between ARTCO, Anny, and Falgoust. This Court held a bench trial in the matter and, on November 4, 2015, entered judgment in favor of ARTCO, finding that Anny and Falgoust engaged in a trespass upon ARTCO's property. (Rec. Doc. No. 376 at 2). Anny and Falgoust now seek a new trial or, in the alternative, an amended judgment.

## II.   __THE PARTIES' CONTENTIONS__

Falgoust seeks a new trial or an amended judgment on the ground that she was an intervenor and not a defendant in the case because ARTCO never plead a trespass claim against her. (Rec. Doc. No. 382 at 1). Therefore, she claims that it was prejudicial error for the Court to find her liable for damages as a result of a trespass. (Rec. Doc. No. 382 at 8). Anny, representing himself *pro se*, does not present a clear basis for either a new trial or an amended judgment, instead asserting an assortment of arguments in his "factual history" section. (Rec. Doc. No. 388-1 at 1-2). He also adopts Falgoust's motion "in its entirety, as if copied herein, *in extenso*." (Rec. Doc. No. 388 at 1).

ARTCO's memorandum in opposition asserts that both Falgoust and Anny were well aware that ARTCO sought damages against both of them. Further, ARTCO points to evidence produced at trial indicating that Falgoust committed a trespass as well as numerous pre- and post-trial pleadings indicating that ARTCO sought damages against both Falgoust and Anny, none of which were objected to by Anny or Falgoust. ARTCO argues in the alternative that, even if the Court finds that ARTCO did not seek damages against Falgoust in any pleadings, that Rule 15(b) of the Federal Rules of Civil Procedure permits the Court to find that Falgoust trespassed (and assess damages against her) based on the evidence presented at trial. Accordingly, ARTCO urges the Court to deny both motions.

### III. <u>**LAW AND ANALYSIS**</u>

Rule 59 provides that, after a nonjury trial, a court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59. "A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *Offshore Specialty Fabricators, LLC v. Dumas Int'l, Inc.*, 2014 WL 1477405, No. 11-248, at *1 (E.D. La. Apr. 15, 2014) (quoting 11 Charles Alan Wright, et al. *Federal Practice and Procedure* § 2804 (3d ed. 2013)). Further, Rule 59(e) permits parties to file a motion to alter or amend a judgment. Fed R. Civ. P. 59(e). "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

Falgoust has presented no new evidence in her motion, instead she seemingly relies on an alleged "manifest error of law"—that she was not named as a defendant in ARTCO's complaint and therefore should not have been found liable for damages. During extensive

pretrial discussions, pleadings/motions, and conferences (including the final pretrial conference), Falgoust was sufficiently apprised with due notice of this and all claims against her. Moreover, as ARTCO's opposition notes, evidence of Falgoust's trespass was repeatedly established at trial. (Rec. Doc. No. 390 at 4-7). Falgoust never objected, and does not claim to have objected, to the evidence on the ground that it was outside of issues raised in the pleadings. Accordingly, Falgoust gave her implied consent to the issue being tried. Pursuant to Rule 15(b)(2) of the Federal Rules of Civil Procedure, this Court must then treat the issue as if it were raised in the pleadings. Consequently, no manifest error of law occurred, and Falgoust's motion must be denied.

Anny's motion does not claim to have any new evidence. Further, he does not identify or allege any manifest error of law or fact (other than adopting the allegations of Falgoust's motion). Anny's motion only recites alleged "facts" without clarifying how they justify a new trial. He has presented no substantial justification for either remedy sought. For the foregoing reasons,

**IT IS ORDERED** that the motions are **DENIED**.

New Orleans, Louisiana, this 15th day of January, 2016.

UNITED STATES DISTRICT JUDGE