UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CONSOLIDATED GRAIN & BARGE, INC.**     **CIVIL ACTION**

**VERSUS**     **NO. 11-2204**
**REFERS TO:**
**11-2615 and**
**13-5827**

**RANDY ANNY, ET AL.**     **SECTION "B"(1)**

## ORDER AND REASONS

Plaintiff American River Transportation Company (ARTCO) moved to hold Defendant Randy Anny in contempt of court and to sanction Defendant for violating the 2015 Judgment (Rec. Doc. 376) in this case. Rec. Doc. 458. Defendant timely filed an opposition.[1] Rec. Doc. 461. Plaintiff sought, and was granted, leave to file a reply. Rec. Doc. 462-2. The Court subsequently held a conference and directed the parties to meet in good faith and attempt to resolve the dispute. *See* Rec. Doc. 472. The parties submitted a Joint Status Report (Rec. Doc. 482) indicating that they could not fully resolve the dispute, but that Defendant had withdrawn the permit application that gave rise to Plaintiff's motion.

For the reasons discussed below,

**IT IS ORDERED** that Plaintiff's motion is **DENIED WITHOUT PREJUDICE**, to be reurged if Defendant violates the 2015 Judgment or this Order and Reasons in the future.

---

[1] Defendant's passing mention of Rule 11 sanctions in his Opposition (Rec. Doc. 461 at 4) is so cursory that it does not merit discussion. *See* Fed. R. Civ. P. 11.

1

**IT IS FURTHER ORDERED** that Defendant (1) attach the judgment and injunction (Rec. Doc. 376) entered in this case to any future permit applications so the U.S. Army Corps of Engineers (Corps) is aware of same and (2) notify ARTCO with copies of any future permit applications at least forty-five days prior to submission to the Corps.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff and Defendant own neighboring properties on the Mississippi River. *See* Rec. Doc. 376 at 1-2. This case arose out of a dispute over where Defendant's property ends and Plaintiff's property begins. *See id.* The 2015 Judgment fixed the property line between the two pieces of land and permanently enjoined Defendant from engaging in certain activities that interfere with Plaintiff's use of its property. *See id.*

Two prohibitions are relevant to the instant motion. The first prohibits Defendant "from conducting any activities upon the ARTCO property or on any bed of any navigable river, lake or stream adjacent to or adjoining the ARTCO property," even when permitted by the relevant government authorities. *Id.* at 3. The second prohibits Defendant "from applying for or seeking from . . . any . . . governmental body . . . a permit, permission, or authorization to undertake any activity upon the ARTCO Property or on any bed of any navigable river, lake or stream adjacent to or adjoining the ARTCO Property." *Id.* at 3-4.

Defendant conducts various activities on his property, including barge fleeting, ship mooring, sand dredging, and the operation of a borrow pit. *See* Rec. Doc. 458-2 at 8. On June 30, 2015, Defendant filed an application with the Corps for a permit to continue these activities and expand operations on his property via the excavation of a new borrow pit and establishment of a new stockpiling area. Rec. Doc. 458-2 at 7-12. Defendant submitted revised drawings in support of his application in January 2017. Rec. Doc. 458-2 at 2. Plaintiff repeatedly objected to Defendant's application with the Corps before filing the instant motion to hold Defendant in contempt and impose sanctions. *See* Rec. Docs. 458-2 at 14-17, 458-3 at 4-13.

## **LAW AND ANALYSIS**

The parties do not appear to disagree on the law that governs Plaintiff's civil contempt claim. *See* Rec. Docs. 458-1 at 6-8, 461 at 5. Rather they disagree about whether Defendant's permit application violates the 2015 Judgment. *See* Rec. Docs. 458-1 at 8, 461 at 5-8. To prevail on its civil contempt claim, Plaintiff must show by clear and convincing evidence that Defendant "violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013). A plaintiff meets this burden by offering evidence sufficient to "produce[] in the mind of the

3

trier of fact a firm belief or conviction so clear, direct and weighty and convincing . . . [that] the fact finder [can] come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Id.* (some alterations omitted).

The 2015 Judgment strikes a balance between Plaintiff's and Defendant's rights. It limits Defendant's activities to protect Plaintiff's use of its property, but it does not prohibit those activities that are consistent with Plaintiff's property rights. *See* Rec. Doc. 376. Specifically, Defendant is prohibited from (1) "entering upon or conducting any activity upon the ARTCO Property;" (2) "conducting any activities . . . on any bed of any navigable river, lake or stream adjacent to or adjoining the ARTCO Property," even if permitted by the relevant governmental bodies; and (3) "applying for or seeking" a permit that would allow activities inconsistent with (1) or (2). Rec. Doc. 376 at 3-4. Whether the Judgment prohibited the Defendant's application therefore turns on the location of the Defendant's activities.

As a result, the Court must define the phrases "upon the ARTCO Property" and "on any bed of any navigable river, lake or stream adjacent to or adjoining the ARTCO Property." Defining the first phrase is relatively straightforward because the "ARTCO Property" was precisely defined in the 2015 Judgment.[2] Rec. Doc. 376 at 1.

---

[2] The "ARTCO Property" is the property "acquired by Act of Cash Sale from Export Elevation Properties, Inc., dated March 24, 2011, and recorded as Conveyance

4

On the other hand, defining the second phrase requires examination of the various property rights that accrue to those whose property abuts the Mississippi River.

The State of Louisiana owns the bed of a navigable river such as the Mississippi. *See Wemple v. Eastham*, 90 So. 637, 638 (La. 1922); *see also*, 2 Ronald J. Scalise, Jr., La. Civ. L. Treatise, Property § 4:13 (5th ed. 2017). The bed of a river is that land covered by water at the river's "ordinary low stage." *Wemple*, 90 So. at 638. The area from this low water mark to the comparable high water mark is known as the banks of the river and belongs to the "owner of the adjacent land." *Id.* These owners, and their lessees, have "the right to erect and maintain [various commercial structures] on the batture or banks owned or leased by them and in the bed of the navigable river . . . adjacent to or adjoining such batture or banks . . . ." La. Stat. § 9:1102.1.

Therefore, to show that Defendant has violated the 2015 Judgment, Plaintiff must show by clear and convincing evidence that Defendant is conducting or seeks a permit to conduct activities on the "ARTCO Parcel" itself or on the banks and river bed that extend out from the "ARTCO Parcel" into the Mississippi River. Plaintiff argues that Defendant sought a permit that, in addition to

---

Instrument No. 153435, Book 447, Page 324, of the Conveyance Records for the Parish of St. James . . . ." Rec. Doc. 376 at 1.

allowing new and expanded activities on Defendant's land, would have allowed some "ongoing activities." *See* Rec. Docs. 458-1 at 5 (referring to Rec. Doc. 458-2 at 7-12), 462-2 at 2-5. Plaintiff must establish that these continuing activities are ones that fall within the scope of the 2015 Judgment.

Plaintiff addresses the relevant question most directly in its Reply Memorandum. There, Plaintiff asserts that the updated drawings submitted to the Army Corps of Engineers in January and September 2017 "show[] that [Defendant] intended to continue to perform operations on ARTCO's property" and "still seeks to continue the operations" forbidden by the 2015 Judgment.[3] Rec. Doc. 462-2 at 5. Defendant states that his activities would have occurred 50 to 200 feet up river from Plaintiff's property. Rec. Doc. 461 at 4, 6. Arguably, Defendant alleges his activities would have been confined to Defendant's property. *See* Rec. Docs. 458-2 at 4-6, 461-1 at 21.

---

[3] The permit in question here was filed in June 2015, before the Court issued the Judgment that restrained Defendant's activities. *See* Rec. Docs. 376; 458-2 at 7-12. It is unclear whether Defendant pursued the permit before submitting the revised drawings to the Army Corps of Engineers in January 2017. *See* Rec. Doc. 462-2 at 5.

6

Plaintiff urges the Court to interpret Defendant's revisions to his permit application as evidence of Defendant's intention to violate the 2015 Judgment, but these revisions could simply represent Defendant's efforts to better respect Plaintiff's property rights. *See* Rec. Doc. 462-2 at 5-6. That being the purpose of the 2015 Judgment, the Court will not at this time, without more, find that Defendant's conduct was contemptuous. Plaintiff can again seek enforcement of the 2015 Judgment and this Order and Reasons if Defendant's activities in fact run afoul of Plaintiff's rights as found in that Judgment and above ordered notice requirements. Defendant is warned that failure to fully comply with court orders will lead to severe sanctions for future violations.

New Orleans, Louisiana, this 18th day of December, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE