**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CONSOLIDATED GRAIN & BARGE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2204**<br>**REFERS TO:**<br>**11-2615 and**<br>**13-5827** |
| **RANDY ANNY, ET AL.** | **SECTION "B"(1)** |

## ORDER AND REASONS

Ainey's, LLC and Anny's, Inc. ("Applicants") filed a motion to intervene. Rec. Doc. 507. Plaintiff American River Transportation Company (ARTCO) timely filed an opposition. Rec. Doc. 510.

For the reasons discussed below,

**IT IS ORDERED** that motion to intervene (Rec. Doc. 507) is **GRANTED**. The proposed pleading (Rec. Doc. 507-4) attached to the motion shall be filed into the record.

**IT IS FURTHER ORDERED** that a hearing to resolve the competing claims to the garnished funds be held on **Wednesday, May 16, 2018, at 9:00 a.m.**

**IT IS FURTHER ORDERED** that ARTCO, Randy Anny, and Applicants shall file memoranda of law on the questions of sanctions for failures by Applicants and Judgment Debtors to comply with production orders, and whether Applicants are the alter egos of Judgment Debtor Randy Anny **by May 9, 2018.**

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The instant motion to intervene arises as part of a garnishment proceeding. Plaintiff and Judgment Creditor American River Transportation Company (ARTCO) initiated a garnishment proceeding in November 2017 as part of its efforts to enforce the Judgment (Rec. Doc. 397) against, *inter alia*, Judgment Debtor Randy Anny. *See* Rec. Doc. 468. Garnishee Consolidated Grain & Barge (CGB) first indicated that it possessed funds owed to Randy Anny in December 2017. *See* Rec. Doc. 478. But in January 2018, CGB indicated that Ainey's, LLC and Anny's, Inc. ("Applicants") also claimed ownership to the garnished funds. *See* Rec. Doc. 499. The funds at issue derive from a contract between CGB, Randy Anny, Ainey's, LLC, and Anny's, Inc. that provides for the lease by CGB of certain land along the Mississippi River. *See* Rec. Doc. 502-1. The parties were unable to resolve the competing claims to the garnished funds, which were ultimately ordered deposited into the registry of the court. *See* Rec. Doc. 506. The funds currently at issue amount to $102,482.00. *See id.*

In March 2018, the Court provided Applicants fourteen days to file a motion to intervene to assert their claims to the garnished funds within the context of the instant garnishment proceeding. *See* Rec. Doc. 506. The Applicants then filed the instant motion to intervene to assert their contractual claim to a portion of the

garnished funds. *See* Rec. Doc. 507. ARTCO filed an opposition. *See* Rec. Doc. 510.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 24 provides two avenues for intervention. The first is mandatory and applies when a movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The second is permissive and applies when a movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Regardless of which avenue a movant pursues, a motion to intervene must be timely. *See* Fed. R. Civ. P. 24. The instant motion appears to rely on mandatory intervention under Rule 24(a) because it focuses on the Applicants' claim to the garnished funds, which is the "property . . . that is the subject of the action . . . ." *See* Rec. Doc. 507.

To satisfy the requirements for mandatory intervention, an applicant must establish the following: (1) timeliness; (2) "an interest relating to the property or transaction which is the subject of the action;" (3) that the applicant is "so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest;" and (4)

that the applicant's interest is "inadequately represented by the existing parties to the suit." *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007).

A court determines the timeliness of a motion to intervene by weighing four factors:

> (1) [t]he length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sommers v. Bank of America*, 835 F.3d 509, 512-13 (5th Cir. 2016). The factors here indicate that the instant motion was timely.

CGB first indicated that it possessed the funds at issue on January 2, 2018. *See* Rec. Doc. 494. CGB clarified the nature of those funds, and the various claims to the funds, on January 25, 2018. *See* Rec. Doc. 502. The Court ordered Applicants to file a motion to intervene on March 2, 2018. *See* Rec. Doc. 506. Applicants filed the instant motion to intervene on March 20, 2018. *See* Rec. Doc. 507. The gap of less than three months between receiving notice of CGB's garnishment answer and filing a motion to intervene does not indicate that the motion was untimely because courts have, in certain cases, allowed intervention more than a year after a

4

case began. *See, e.g., Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1115-16 (5th Cir. 1970). Although ARTCO may experience some prejudice from the intervention—a delay in receiving the garnished funds—this is no greater than the prejudice that Applicants would face if money they are entitled to is paid to a third party. Moreover, allowing intervention at this point in the proceedings will likely diminish future litigation over these funds. Therefore, upon consideration of the relevant factors, the application for intervention is timely. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565-66 (5th Cir. 2016) ("Because the [applicant] sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded, the [applicant's] motion was timely.").

The second requirement, that the applicant has an interest in the property that is the subject of the action, is also satisfied. To meet the second requirement, an applicant "must show that it has a direct, substantial, legally protectable interest in the action, meaning that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir. 2009). Anny's, Inc. and Ainey's, LLC seek to assert a contractual right to a portion of the garnished funds. *See* Rec. Doc. 507. An applicant for intervention who alleges that a pending lawsuit

5

threatens a contractual right satisfies the second element of the test for mandatory intervention. *See Sierra Club v. Glickman*, 82 F.3d 106, 109 (5th Cir. 1996) (per curiam).

The third requirement, that the disposition of the matter may impair or impede the applicant's ability to protect its interest, is similarly met. If intervention is denied and the garnished funds are distributed to ARTCO, the Applicants would need to institute separate legal proceedings against CGB or ARTCO to attempt to recoup their interest. The need to "institute another action" to assert a contractual interest sufficiently impedes an applicant's ability to protect its interest to warrant intervention. *See Swann v. City of Dallas*, 172 F.R.D. 211, 214 (N.D. Tex. 1997).

The fourth requirement, that the applicants' interests are not adequately represented by the existing parties to the suit, also weighs in favor of permitting intervention. The "minimal" burden of meeting this requirement lies with the applicant and "is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Haspel*, 493 F.3d at 570. Here, the only parties to the garnishment proceeding are ARTCO and CGB. ARTCO argues that it is entitled to all of the garnished funds. CGB does not assert any claim to the garnished funds. Neither ARTCO nor CGB have an interest in protecting the Applicants' claims to the funds. Furthermore, judgment debtor Randy Anny has no claim to the funds because any funds originally owed to him are actually due to ARTCO.

6

*See* La. Code Civ. Proc. art. 2415. Therefore, no existing party to the garnishment proceeding will adequately protect the Applicants' interests. *See Wal-Mart Stores*, 834 F.3d at 569 (reasoning that applicant for intervention had met its burden to show inadequate representation because its interests were adverse to the parties' interests and the Fifth Circuit has a "broad policy favoring intervention"). Because Applicants meet all four requirements under Rule 24(a)(2), intervention is required.

That being said, the Order instructing Applicants to file a motion to intervene also instructed Applicants to include "sworn documentary evidence of their ownership, control, and related claim over funds at issue." Rec. Doc. 506 at 4. Applicants only attached a declaration from Randy Anny. *See* Rec. Doc. 507-1. This declaration does not comply with the Court's prior order (Rec. Doc. 506) because it offers the conclusory statements of an interested party (Judgment Debtor Randy Anny no less) instead of the underlying documents that purportedly substantiate Applicants' claims to the garnished funds. This follows the repeated and continuing refusals by Judgment Debtors Randy Anny and Barbara Falgoust to provide documentation of their ownership of and managerial control over Applicants. *Compare* Rec. Doc. 508 (recently filed declaration) *with* Rec. Doc. 506 at 3-4 (ordering production of "sworn documentary evidence, including evidence (1) of who owns Ainey's LLC and Anny's Inc. and (2) that Ainey's LLC

7

and Anny's Inc. truly in fact and law fully and actively observe corporate formalities") *and* Rec. Doc. 506 at 4 n.2 (listing the various documents that were ordered produced eighteen months ago). As the Court has explained, this information is highly relevant to the instant garnishment proceeding because ARTCO has offered evidence that Applicants "are simply alter egos for Judgment Debtors Randy Anny and Barbara Falgoust . . . ." Rec. Doc. 506 at 2.

**The refusal to provide relevant documents in that face of a clear court order is sanctionable conduct, especially when it serves to unnecessarily prolong the proceedings.** *See* Fed. R. Civ. P. 11(c)(3), 16(f), 37(b)(2). One sanction potentially available to the Court is "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[.]" Fed. R. Civ. P. 37(b)(2)(A)(i). Such a sanction would be highly appropriate in the instant matter because the documents needed to analyze whether Applicants are alter egos of Judgment Debtors are entirely within the control of Applicants and Judgment Debtors. *See Riddle v. Simmons*, 40,000, p.15-18 (La. App. 2 Ci. 2/16/06); 922 So. 2d 1267, 1279-80; *Hamilton v. AAI Ventures, L.L.C.*, 1999-1849, p.5-6 (La. App. 1 Cir. 9/22/00); 768 So. 2d 298, 302. **Applicants and Judgment Debtors cannot refuse to disclose documents at the same time that they attempt to rely on those same documents to assert claims to**

**the garnished funds.** *See Chilcutt v. United States*, 4 F.3d 1313, 1319-25 (5th Cir. 1993) (affirming imposition of sanctions when court concluded that defendant refused to produce information that would have strengthened plaintiff's claims). ARTCO, Randy Anny, and Applicants should address the appropriateness of imposing sanctions in their memoranda concerning whether Applicants are the alter egos of Judgment Debtor Randy Anny.

New Orleans, Louisiana, this 23rd day of April, 2018.

SENIOR UNITED STATES DISTRICT JUDGE